IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 8:25-1335 |
| ) | |
| ) | 21 U.S.C. § 841(a)(1) |
| vs.                                                    ) | 21 U.S.C. § 841(b)(1)(A) |
| ) | 21 U.S.C. § 841(b)(1)(B) |
| ) | 21 U.S.C. § 841(b)(1)(C) |
| **HACK SULLIVAN JR.**                   ) | 21 U.S.C. § 846 |
| ) | 18 U.S.C. § 922(g)(1) |
| **CLARENCE REGINALD THOMASON JR.**  ) | 18 U.S.C. § 924(a)(8) |
| ) | 21 U.S.C. § 843(b) |
| ) | 18 U.S.C. § 924(d)(1) |
| ) | 21 U.S.C. § 853 |
| ) | 21 U.S.C. § 881 |
| ) | 28 U.S.C. § 2461(c) |
| ) | |
| ) | |

**SEALED INDICTMENT**

**COUNT 1**
*(Drug Distribution Conspiracy)*

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least in or around September 2023, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, **HACK SULLIVAN JR.**, , and **CLARENCE REGINALD THOMASON JR.**, knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute methamphetamine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), both Schedule II controlled substances:

1

a. With respect to **HACK SULLIVAN JR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

c. With respect to **CLARENCE REGINALD THOMASON JR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
*(Distribution of Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about May 15, 2024, in the District of South Carolina, the Defendant, **CLARENCE REGINALD THOMASON**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 3
*(Distribution of Fentanyl)*

THE GRAND JURY FURTHER CHARGES:

That on or about October 30, 2024, in the District of South Carolina, the Defendant, **CLARENCE REGINALD THOMASON**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4
*(Possession with Intent to Distribute Fentanyl, and Methamphetamine)*

## COUNT 5
*(Felon in Possession of Firearm)*

## COUNT 6
*(Distribution of Fentanyl and Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 23, 2025, in the District of South Carolina, the Defendant, **CLARENCE REGINALD THOMASON**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl") and a quantity of a mixture or substance containing a detectable amount of methamphetamine, both Schedule II controlled substances;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4

## COUNT 7
*(Distribution of Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about January 27, 2025, in the District of South Carolina, the Defendant, **HACK SULLIVAN JR.**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 8
*(Distribution of Methamphetamine)*

THE GRAND JURY FURTHER CHARGES:

That on or about April 11, 2025, in the District of South Carolina, the Defendant, **HACK SULLIVAN JR.**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

# COUNT 9
## (Use of a Communication Facility to Engage in Illegal Activity)

THE GRAND JURY FURTHER CHARGES:

On or about the October 19, 2024, in the District of South Carolina and elsewhere, the defendant, **CLARENCE REGINALD THOMASON**, did knowingly and intentionally use any communication facility, a cellular phone and the Internet, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

In violation of Title 21, United States Code, Section 843(b).

6

## **FORFEITURE**

FIREARM/DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and Title 21, United States Code, as charged in this Indictment, the Defendants, **HACK SULLIVAN JR.,**

**and CLARENCE REGINALD THOMASON JR.**, shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

(a)  constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b)  used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

(c)  any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1)  used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2)  involved in or used in any knowing violation of 18 U.S.C. § 922 or 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

PROPERTY:

Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Indictment includes, but is not limited to, the following:

A.    Proceeds/Forfeiture Judgment:

   A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of their violations of Title 21.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

   (a)   cannot be located upon the exercise of due diligence;
   (b)   has been transferred or sold to, or deposited with, a third person;
   (c)   has been placed beyond the jurisdiction of the Court;
   (d)   has been substantially diminished in value; or
   (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

8

Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

A _true_ BILL

REDACTED
FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: _[signature]_
Allen Lothrop Morris (Fed. ID # 14069)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.:  864-282-2142
Fax:  864-233-3158
Email: Lothrop.Morris@usdoj.gov

9